UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUTHER V. MCNALL, individually,
and, on behalf of all others similarly situated,

        Plaintiffs,                  **CLASS REPRESENTATION**

vs.                             Case No.: 2:09-cv-298-FtM-99SPC

HARTFORD UNDERWRITERS
INSURANCE COMPANY

        Defendant.
_____/

## AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, AND DECLARATORY AND INJUCTIVE RELIEF

Plaintiff, Luther McNall ("McNall" or "plaintiff") individually and on behalf of a class of

persons similarly situated, sues the defendant, HARTFORD UNDERWRITERS

INSURANCE COMPANY ("HARTFORD"), and says:

### SUMMARY

1.      This is a class action complaint against HARTFORD arising out of its practice of

attempting to subrogate against its own insureds for Medical Payments benefits

where (a) the insured has not been made whole, and (b) without taking into

consideration plaintiff's / the insured's procurement costs.

2.      For about 40 or more years, insurers in the United States have sometimes offered

a form of first party coverage called "Medical Payments" coverage or "Med Pay."

Med Pay coverages are usually issued in relatively small denominations, such as

$1,000 or $2,000, and are used to reimburse an insured for accident related medical expenses. For decades it was standard practice for insurers not to subrogate Med Pay payments. The small recoveries, the zero sum nature of back and forth subrogation claims, as well as good will, generally informed the industry practice of not subrogating on Med Pay. Recently, however, the HARTFORD broke ranks with its industry and has now been aggressively seeking subrogation for Med Pay benefits.

3.    This putative class only seeks redress for Florida insureds – and hence is subject to the application of Florida state law. While Florida has a long common law tradition of recognizing subrogation rights, such rights are not unfettered under the common law and are subject to certain restrictions, two of which are implicated here. First, subrogation fails whenever the insured has not been made whole by his recovery – this is known as the "made whole doctrine." Second, even if there is a valid subrogation claim in the first instance, the claim is subject to consideration of the insured's procurement costs, which in most cases consist of attorneys fees and litigation costs expended by the insured to recover the fund from which HARTFORD seeks to recover.

4.    HARTFORD here, and as a general practice, seeks to collect subrogation of Med Pay where its insureds have not been made whole and fails to take into consideration it's insured's procurement costs.

5.    Florida also has a statutory scheme, namely Section 768.76 Fla. Stat., which limits the right of reimbursement, and also requires the right of reimbursement to be

reduced by the pro-rata percentage of attorneys' fees and costs (procurement costs). HARTFORD has systematically and unlawfully claimed subrogation on MED PAY benefits and attempted to collect the same and enforce such subrogation in violation of Florida's Insurance Code, and the common law.

6. HARTFORD has claimed subrogation on MED PAY benefits and attempted to collect MED PAY benefits and enforce subrogation when such right did not exist as a general business practice especially in situations where the insured has not been fully indemnified or "made whole".

7. Plaintiffs seek for themselves and for all others similarly situated damages for the disgorgement of all unlawfully subrogated amounts and/or statutory damages. Statutory damages under the FCCPA include $1,000.00 per person per violation and punitive damages.

8. Plaintiffs also seek injunctive relief prohibiting the continued perpetration of this collection scheme by HARTFORD on other consumers in Florida, and declaratory relief that the aforesaid practice is, in fact, unlawful.

## JURISDICTION AND VENUE

9. This is a cause of action for declaratory and injunctive relief and for damages. Representative Plaintiff, at all times material hereto, was *sui juris* and a resident of the State of Florida.

10. HARTFORD is a foreign profit corporation and operates as a subsidiary of Hartford Financial Services Group Inc., insuring thousands of insureds in the State

of Florida; insures people and maintains offices or agents in Lee County, Florida; and, caused harm to Plaintiffs in the State of Florida.

11.    HARTFORD is a Connecticut corporation with its principal place of business in Hartford, Connecticut. HARTFORD operates as a subsidiary of Hartford Financial Services Group Inc. and is one of the nation's largest and best-known insurance companies. HARTFORD sells auto, home, accident, and life insurance policies, among others. HARTFORD maintains dozens of offices in the State of Florida with over 1,000 employees in this State, and transacts millions of dollars of annual business here. HARTFORD as a general business practice enforces subrogation rights over policies issued and regularly illegally collects or attempts to collect MED PAY benefits paid to insureds, especially those who have not been fully indemnified or "made whole".

12.    Plaintiff was an insured under a HARTFORD policy and received Med Pay benefits. HARTFORD seeks to recover said benefits, even though plaintiff was not made whole. HARTFORD has refused to take into consideration procurement costs.

## CLASS REPRESENTATION ALLEGATIONS

13.    Plaintiffs seek certification of the class. The bases for class certification are set forth in summary form below.

14.    HARTFORD has acted on grounds generally applicable to all of the members of the class, thereby making final injunctive relief or declaratory relief concerning the class as a whole appropriate:

a. HARTFORD has claimed or threatened subrogation on MED PAY benefits as a systematic policy in violation of the Florida Insurance Code, Title XXXVII, Florida Statutes;

b. Equitable relief by way of a single judicial declaration or injunction would simultaneously benefit all class members;

c. Monetary relief for all class members is readily calculable by application of one simple formula, that is, $1,000.00 plus the disgorgement of the benefits unlawfully collected through subrogation, if any;

d. There are no individual issues which would bar application of class wide relief.

15. This claim is brought on behalf of a class. The class consists of all Florida insureds who satisfy the following criteria:

a. They were insured (either named or omnibus) under an automobile insurance policy from HARTFORD for medical payments benefits; and

b. They received medical payments benefits under an automobile insurance policy issued by HARTFORD.

c. They made a third party recovery and were either not made whole and/or incurred procurement costs in obtaining the recovery.

d. HARTFORD has claimed a right of subrogation.

16.  All such persons would benefit from declaratory and injunctive relief, or from damages.

17.  The proposed class is sufficiently numerous that joinder of each individual class member would be impracticable. Plaintiff does not know the precise number of class members, such information being in the exclusive hands of HARTFORD, but plaintiff believes and is informed that class members exceeds several thousand individuals.

18.  The claims and defenses in this action raise questions of law and fact common to each member of the class. Such common questions include:

   a.  Whether the Florida Insurance Code, Title XXXVII, Florida Statutes prohibits HARTFORD from subrogating, threatening to subrogate, or placing a lien on any recovery in tort by judgment, settlement, or otherwise for medical payment benefits, especially under circumstances where the insured was not full indemnified or "made whole" and without appropriate reductions for procurement costs;

   b.  Whether the Florida Insurance Code, Title XXXVII, Florida Statutes prohibits HARTFORD from knowingly claiming, attempting or threatening to enforce subrogation when such right did not exist.

   c.  Whether declaratory and injunctive relief may issue to address and stop HARTFORD from unlawfully asserting subrogation rights on

medical payments benefits and attempting to enforce subrogation on medical payment benefits.

  d. Whether Plaintiff and the class members are entitled to recover from HARTFORD $1,000.00 as a statutory remedy under the FCCPA.

  e. Whether Plaintiff and the class members are entitled to recover from HARTFORD benefits unlawfully collected through subrogation.

19. Plaintiffs' claims, and likely defenses, are typical of the claims and defenses that will arise for each member of the class. The motor vehicle insurance policies that HARTFORD issues to consumers are required by law to comply with the Florida Insurance Code, Title XXXVII, Florida Statutes, and contain substantially similar, if not identical, material terms regarding medical payments coverage. The Plaintiffs' claims are based on the same legal theories as the claims of all class members, and are based on similar facts.

20. Plaintiffs will fairly and adequately represent the interests of the class. Plaintiffs have a personal stake in the outcome of this action, have retained counsel experienced in the prosecution of insurance and consumer class action litigation, and have no interests that are adverse to those of the class members.

21. The prosecution of separate claims and defenses would create a risk of varying adjudications that would establish incompatible standards of conduct for HARTFORD. In particular, some courts may determine that HARTFORD can

claim subrogation on medical payments benefits, while other courts may determine that HARTFORD cannot claim subrogation on medical payments benefits, especially as to those insureds who were not fully indemnified or "made whole", then HARTFORD will be subject to varying standards of conduct in the subrogation of medical payments benefits.

22.    In addition, by systematically, as a company policy, claiming subrogation rights with regards to paid medical payments benefits, HARTFORD has acted on grounds generally applicable to all members of the class, making injunctive or declaratory relief concerning the class as a whole appropriate.

23.    Furthermore, common questions of law and fact will predominate over individual questions, and this class action is superior to other available methods for adjudicating this controversy.  In particular the small amount of each individual claim makes it extremely difficult if not impossible, for any claimant to have his or her claims adjudicated in a court of law.  Although in the aggregate, Plaintiff believes that HARTFORD is unlawfully threatening or collecting millions of dollars through subrogation, few individual insureds will have an incentive or financial ability to investigate and litigate the unlawful subrogation and collection practices.  Indeed, the choice is likely not a choice between individual actions and a class action, but between a class action and no relief at all for injured class members.

## COUNT I

### Violation of Florida Insurance Code

8

24.   Plaintiff restates paragraphs 1-24 as if fully set forth herein.

25.   As part of its regular business, HARTFORD supplies motor vehicle insurance policies to individual consumers and others in the state of Florida. Those policies are issued as form contracts, drafted entirely by HARTFORD, that contain standard terms and conditions of coverage.

26.   HARTFORD has implemented a regular practice in Florida of unlawfully claiming subrogation on medical payments benefits.

27.   Florida Statute 768.76 limits HARTFORD's subrogation rights:

"(4) A provider of collateral sources that has a right of subrogation or reimbursement that has complied with this section shall have a right of reimbursement from a claimant to whom it has provided collateral sources if such claimant has recovered all or part of such collateral sources from a tortfeasor. Such provider's **right of reimbursement** shall be **limited to the actual amount of collateral sources recovered by the claimant from a tortfeasor, minus its pro rata share of costs and attorney's fees incurred by the claimant** in recovering such collateral sources from the tortfeasor. In determining the provider's pro rata share of those costs and attorney's fees, the provider shall have deducted from its recovery a percentage amount equal to the percentage of the judgment or settlement which is for costs and attorney's fees.

(5) **Any disputes between the claimant and the provider as to the actual amount of collateral sources recovered by the claimant** from a

tortfeasor shall be **subject to determination by a court** of competent jurisdiction. In determining the actual amount of collateral sources recovered, the court shall give **consideration to any offset** in the amount of settlement or judgment for any **comparative negligence** of the claimant, limitations in the **amount of liability insurance coverage available to the tortfeasor**, or any **other mitigating factors** which the court deems equitable and appropriate under the circumstances." (**Emphasis added**.)

28.    HARTFORD is liable to the plaintiff and the class members for the amount of the benefits unlawfully collected, or claimed.

29.    Plaintiff has retained undersigned counsel and has or will incur substantial attorney fees, legal assistant fees, and costs.  Pursuant to Section 627.428 Fla. Stat. and/or the common fund doctrine plaintiff is entitled to an award of attorneys fees.

### PRAYER FOR RELIEF

Plaintiff therefore requests entry of judgment as follows:

a.    Compensatory damages;

b.    Attorneys fees, paralegal fees and costs;

c.    Prejudgment interest on all damages for which prejudgment interest is allowable by law;

d.    Such other relief as the court deems just and proper;

e.    Plaintiff demands a trial by jury of all issues triable as of right by a jury.

### COUNT II

## FCCPA Violation

30.  Plaintiff restates paragraphs 1-24 as if fully set forth herein.

31.  The subrogation or reimbursement claimed on the Plaintiffs' benefits by Defendant was an alleged obligation of Plaintiff to pay money arising out of an insurance transaction.

32.  HARTFORD sent notice to Plaintiff alleging a right of subrogation and reimbursement on medical payment benefits paid to Plaintiff.

33.  The subrogation or reimbursement notices sent to Plaintiff are "communications" pursuant to § 559.55(5) Fla. Stat.

34.  Defendant violated § 559.72(9) Fla. Stat. by knowingly claiming, attempting or threatening to enforce a debt when such right did not exist.

35.  As a result of the aforesaid violations Plaintiffs have incurred actual damages, and/or are entitled to statutory damages.

36.  Plaintiffs have retained undersigned counsel and have or will incur substantial attorneys' fees and costs.

37.  Plaintiffs reserve the right to seek punitive damages pursuant to § 559.77 Fla. Stat.

## PRAYER FOR RELIEF

Plaintiffs therefore request entry of judgment in favor of himself and the class as follows:

  a.  Statutory damages of $1,000.00 for Plaintiff and each class member;

  b.  Attorneys fees, paralegal fees and costs;

11

c.      Prejudgment interest on all damages for which prejudgment interest is allowable by law;

d.      Such other relief as the court deems just and proper;

e.      Plaintiff demands a trial by jury of all issues triable as of right by a jury.

## COUNT III

### Declaratory Relief

38.    Plaintiff restates paragraphs 1 -24 as if fully set forth herein.

39.    Plaintiff and the class members are in doubt as to their rights under the Florida Insurance Code, Title XXXVII and Section 768.76, Florida Statutes and seek the Court to declare that HARTFORD cannot claim subrogation or reimbursement benefits in the full amount as claimed by HARTFORD.

40.    Plaintiff and the class members are uncertain as to their rights under the aforesaid statutes, and/or insurance policies/contracts with HARTFORD.

41.    Plaintiff and the class members have no adequate remedy at law in lieu of the declaration of rights sought herein and have suffered irreparable injury in that HARTFORD is unlawfully claiming subrogation or reimbursement rights and threatening subrogation on medical payment benefits and collecting medical payment benefits through subrogation or reimbursement. Plaintiff and the class members are in doubt as to whether HARTFORD has a legitimate right of subrogation or reimbursement on any recovery in tort by judgment, settlement, or otherwise for medical payment benefits, whether suit has been filed or settlement

has been reached without suit, and as a result of the uncertainty cannot make decisions with regards to tort claims.

42.    Plaintiff requests the Court to enter an order declaring the practices described above unlawful.

43.    Plaintiffs have retained the undersigned counsel and has or will incur substantial attorneys fees and costs. Pursuant to Section 627.428 Fla. Stat. and/or the common fund doctrine plaintiff is entitled to an award of attorneys fees.

## PRAYER FOR RELIEF

Plaintiff therefore requests entry of judgment as follows:

a.    Declaratory relief that HARTFORD's collection practice of claiming subrogation or reimbursement rights in full on medical payment benefits and attempting to collect the same is unlawful.

b.    Attorneys fees, paralegal fees and costs;

c.    Such other relief as the court deems just and proper;

d.    Plaintiff demands a trial by jury of all issues triable as of right by a jury.

## COUNT IV

### Injunctive Relief

44.    Plaintiff restates paragraphs 1-24 as if fully set forth herein.

45.    Plaintiff and the class members seek the Court to enjoin HARTFORD from continuing to perpetrate its illegal practices of claiming subrogation or reimbursement on medical payment benefits and attempting to collect the same

where the insured has not been made whole and/or without taking into account procurement costs.

46.     Plaintiff and the class members have no adequate remedy at law in lieu of the injunctive relief sought herein and have suffered irreparable injury in that HARTFORD is unlawfully claiming subrogation or reimbursement rights and threatening subrogation or reimbursement rights on medical payment benefits and collecting medical payment benefits through subrogation or reimbursement. Plaintiff and the class members are in doubt as to whether HARTFORD has a legitimate right of subrogation or reimbursement on any recovery in tort by judgment, settlement, otherwise for medical payment benefits, whether suit has been filed or settlement has been reached without suit, and as a result of the uncertainty cannot make decisions with regards to tort claims.

47.     Plaintiff requests the Court to enter an order enjoining HARTFORD from continuing its illegal collection practices described above.

48.     Plaintiff has been forced to retain the undersigned counsel and has or will incur substantial attorney's fees and costs.

## PRAYER FOR RELIEF

Plaintiff therefore requests entry of judgment in favor of himself and the class as follows:

a.     Injunctive relief to enjoin HARTFORD from continuing to perpetrate its illegal collection practice of claiming subrogation or reimbursement on medical payment benefits and attempting to collect the same.

14

b.   Attorney's fees, paralegal fees and costs;

c.   Such other relief as the court deems just and proper;

d.   Plaintiff demands a trial by jury of all issues triable as of right by a jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF System and U.S. Mail to:  Laura Besvinick, Esq., Hogan & Hartson, LLP, Mellon Financial Center- 19th Floor, 1111 Brickel Avenue, Miami, Florida 33131 on this 7th day of July 2009.

**VILES & BECKMAN, L.L.C.**
Attorneys for Plaintiffs
6350 Presidential Court, Suite A
Fort Myers, Florida 33919-3570
Telephone:  239-334-3933
Facsimile:   239-334-7105

s/Marcus W. Viles
Marcus W. Viles, Esq.
Florida Bar No. 0516971
Michael Lewis Beckman, Esq.
FBN 0128279
Robert Geltner, Esq.
FBN: 0831220
robert@vilesandbeckman.com

15