20524/MWV/rg/lh

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUTHER V. MCNALL, individually,
and, on behalf of all others similarly situated,

    Plaintiffs,

vs.                                      Case No.: 2:09-CV-298-FTM-99SPC

HARTFORD UNDERWRITERS
INSURANCE COMPANY,

    Defendant.
_____/

**UNOPPOSED MOTION TO SET A CONVENIENT DEADLINE FOR FILING
CLASS CERTIFICATION MOTION(S) OR IN THE ALTERNATIVE A STATUS
CONFERENCE TO DISCUSS THE SAME**

COMES NOW the Plaintiff, Luther McNall, individually and on behalf of all others similarly situated and files this Unopposed Motion to Set a Convenient Deadline for Filing Class Certification Motion(s) or in the Alternative to Schedule a Status Conference to discuss the same and in support hereof, states as follows:

1. The parties previously agreed to a proposed case management order which provided for discovery and motion practice in two phases: first, to address the individual claim of the named plaintiff, and, second, to address class certification, as necessary. (Dkt 19).

2. The Court's Case Management Order (Dkt 21) did not expressly incorporate the two-phase discovery and motion practice proposed by the parties. Rather, the Order provided a single discovery cut-off and a single

dispositive motion filing deadline, consistent with the timeline proposed by the parties.

3. The parties have conferred and agree that conducting discovery and motion practice limited to plaintiff's individual claim prior to addressing any remaining class issues would provide for the most efficient, just and speedy resolution of the matter, for the following reasons:

   (a) Plaintiff and defendant have a dispute regarding the applicable law and the contours of defendant's subrogation right. As a consequence, it is highly likely that the class definition – and thus class discovery and motion practice – will differ depending on the legal rulings of the Court with regard to the merits. Addressing the merits of the named plaintiff's individual claim first would substantially reduce the complexity and expense of whatever class certification proceedings may ultimately be required.

   (b) The defendant intends to raise fact-specific defenses to the named plaintiff's individual defenses. If defendant is successful, class certification discovery and motion practice may be obviated, either because the named plaintiff is eliminated as a proper class representative or because the Court agrees that no claim can be stated. Alternatively, if plaintiff is successful, the class certification issues are likely to be substantially narrowed and the parties may even be able to reach agreement.

    (c)    The parties have worked together cooperatively in this case and will continue to do so. However, the parties share a concern that undertaking class certification discovery and briefing prior to obtaining preliminary legal rulings from the Court regarding the named plaintiff's individual claim will lead to unnecessary and expensive discovery, as well as disputes regarding the proper ambit of discovery. In contrast, if initial discovery is limited to the plaintiff's individual claim, as proposed by the parties, the parties agree that such discovery is likely to brief, enabling the parties to file early dispositive motions directed to the named plaintiff's individual claim and legal theories.

4.    Deferring class certification discovery and motion practice until some time after a ruling on the merits of the named plaintiff's individual claim would streamline and simplify the proceedings. The parties originally requested a class certification deadline of February 12, 2010. Alternatively, the parties would request a brief (15 minute) status conference to discuss a certification discovery and briefing schedule with the Court. The parties seek the same thing as this Court – to move this case forward efficiently, preserving the limited time and financial resources of the parties and the Court.

## MEMORANDUM OF LAW

The timing of class certification discovery and motion practice is within the sound discretion of the Court. However, many courts have recognized the efficiencies to be

realized by ruling on dispositive motions, under Rule 12(b) or Rule 56, prior to addressing class certification issues. Discovery and briefing directed to the named plaintiff's claim may end the case entirely. At minimum, precertification rulings offer the opportunity to streamline the case and focus any issues that may remain before any potentially burdensome and expensive class certification proceedings. As noted in the Manual for Complex Litigation:

> The timing of the certification decision deserves discussion early in the case, often at the initial scheduling conference where the judge and counsel can address the issues bearing on certification and can establish a schedule for the work necessary to permit an informed ruling on the class certification motion. Appropriate timing will vary with the circumstances of the case, although an early resolution is generally desirable.
>
> Precertification discovery may be necessary. The court may rule on motions pursuant to Rule 12, Rule 56 or other threshold issues before deciding on certification; however such rulings bind only the named parties. Most courts agree, and Rule 23(c)(1)(A) reflects, that such pre-certification rulings on threshold dispositive motions are proper, and one study found a substantial rate of precertification rulings on motions to dismiss or for summary judgment. Precertification rulings frequently dispose of all or part of the litigation.
>
> Efficiency and economy are strong reasons for a court to resolve challenges … [C]ourts should rule early on motions to dismiss, challenging whether the plaintiffs have stated a cause of action. Early resolution of these questions may avoid expense for the parties and burdens for the court and may minimize the use of class action process for cases that are weak on the merits. (Manual for Complex Litigation, 4th, at §21.133)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF System and U.S. Mail to: Laura Besvinick, Esq., Hogan & Hartson, LLP, Mellon Financial Center- 19th Floor, 1111 Brickel Avenue, Miami, Florida

33131 on this 27th day of August 2009.

        **VILES & BECKMAN, L.L.C.**
        Attorneys for Plaintiffs
        6350 Presidential Court, Suite A
        Fort Myers, Florida 33919-3570
        Telephone: 239-334-3933
        Facsimile:  239-334-7105

        <u>s/Marcus W. Viles</u>
        Marcus W. Viles, Esq.
        Florida Bar No. 0516971